UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN S. SPARKS, | ) | CASE NO. 5:23-cv-125 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| | ) | ORDER |
| THOMAS A. TEODOSIO, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Bryan Sparks ("Sparks") filed this motion for reconsideration on May 23, 2023, asking the Court to vacate its order dismissing his case, without prejudice, for failure to either pay the filing fee or provide a completed application to proceed *in forma pauperis* as required by the March 3, 2023, deficiency order. (Doc. No. 9 (Motion for Reconsideration); *see* Doc. No. 7 (Dismissal Order); Doc. No. 3 (Deficiency Order).) For the reasons set forth below, the motion is denied.

**I. RELEVANT BACKGROUND**

In June 2005, following a bench trial, Sparks was sentenced in state court to a term of imprisonment on convictions for multiple counts of rape and corruption of a minor and one count of illegal use or possession of drug paraphernalia. *See State v. Sparks*, No. 28953, 2018 WL 6709617 (Ohio Ct. App. Dec. 19, 2018). After pursuing numerous appeals in the state courts, *see id*. at *1–2, Sparks filed the present civil rights action in federal court under 42 U.S.C. § 1985 on January 23, 2023, challenging his state court convictions as allegedly obtained in violation of his

federal constitutional rights. (*See generally* Doc. No. 1 (Complaint).)

Sparks did not pay the filing fee and, instead, filed an application to proceed *in forma pauperis*. (Doc. No. 2 (Application).) Because the application was not accompanied by a certified copy of Sparks' prisoner account statement, as required by 28 U.S.C. § 1915(a)(2), Magistrate Judge Carmen E. Henderson issued an order directing Sparks to either pay the filing fee or submit the proper documentation to complete his application. (Doc. No. 3 (Order).) The magistrate judge gave Sparks 30 days to comply with her order and cautioned that failure to timely comply could "result in dismissal of this action without further notice." (*Id*. at 1.[1])

Sparks did not comply with the deficiency order. Instead, on April 3, 2023, Sparks filed an "objection," challenging the magistrate judge's authority to issue the deficiency order, and further arguing that he is not a "prisoner" under 18 U.S.C. § 1915. (Doc. No. 4 (Objection), at 1.) He also complained that § 1915 was not applicable because he brought his civil rights claims under § 1985 and not under 42 U.S.C. § 1983. (*Id*.) Finding no merit to his "objection," and further finding that Sparks did not pay the filing fee, submit the appropriate documents to complete his application to proceed *in forma paupers*, or otherwise comply with the magistrate judge's deficiency order, the Court dismissed the action without prejudice for want of prosecution. (Doc. No. 7, at 1–2.)

On May 23, 2023, Sparks filed the present motion for reconsideration. On June 23, 2023, Sparks filed a notice of appeal with the Sixth Circuit, challenging the Court's dismissal of his civil rights action. (Doc. No. 10 (Notice of Appeal).) The Sixth Circuit has advised that it is holding Sparks' appeal in abeyance while this Court resolves the pending motion for reconsideration. (Doc.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

No. 11 (Appeal Remark).)

## II. STANDARD OF REVIEW

Sparks did not bring his motion for reconsideration under any specific rule. When a party fails to identify the basis under which it brings a motion for reconsideration, the Court may look to the timing of the motion to determine whether it should be reviewed under Fed. R. Civ. P. 59(e) or under Rule 60(b). *See Turner v. Gen. Motors Corp.*, 23 F. App'x 415, 416 (6th Cir. 2001); *McDowell v. Dynamics Corp. of Am.*, 931 F.3d 380, 382 (6th Cir. 1991); *see e.g., Shingleton v. Timmerman-Cooper*, No. 3:30-cv-450, 2008 WL 4445303, at *1 (S.D. Ohio Sept. 29, 2008). If a party brings an unspecified motion for reconsideration within the 28-day window set forth in Rule 59(e), courts will typically review the motion under Rule 59(e). And if a party brings such a motion more than 28 days after the relevant judgment, courts review the motion under Rule 60(b). Sparks' motion was filed withing 28 days of the Court's order of dismissal. Accordingly, the Court will treat motion as brought under Rule 59(e).

A motion to alter or amend under Rule 59(e) is extraordinary and is seldom granted, "because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, No. 3:10-cv-569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011). A court may grant a motion to alter or amend a judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). A rule 59(e) motion is not an opportunity to reargue a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), nor its it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." *Id*.

III.  **DISCUSSION**

None of the assertions in Sparks' motion for reconsideration justifies relief under Rule 59(e). As an initial matter, Sparks' motion merely renews and restates the argument he made in his "objection," insisting once again that he is not a "prisoner" as that term is understood under § 1915. (Doc. No. 9, at 1.) It is not the function of a motion for reconsideration to either renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument that could have been offered during initial consideration of the issue. *Miller v. Norfolk S. Rwy. Co.*, 208 F. Supp. 2d 851, 852–53 (N.D. Ohio 2002) (quotation marks and citation omitted). Where, as in this case, a party "'views the law in a light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.'" *Id*. (quoting *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991)). For this reason alone, the motion is denied.

And even if the Court reached the merits of Sparks' motion, it would still fall short of entitling him to relief. Sparks again argues that he is not a "prisoner" under § 1915, and that the Court committed clear error by failing to explain why he meets the definition of "prisoner" under § 1915(h) and by failing to take judicial notice of any "evidence" in support. (Doc. No. 9, at 1.) Section 1915(h) defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." As previously observed, Sparks was convicted in state court and sentenced on multiple violations of Ohio statutory law. *See Sparks*, 2018 WL 6709617, at *1–2. According to the Ohio Department of Rehabilitation & Correction's website, Sparks is currently serving his state prison sentence at

Marion Correctional Institution and has an expected release/parole eligibility date of August 1, 2032. (*See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A463981, last visited 7/10/2023.) Because Sparks is "incarcerated" in "any facility" after having been "convicted of" "violations of criminal law," he meets the statutory definition of "prisoner" under § 1915(h) and was required to submit the proper paperwork in order to proceed *in forma pauperis* in federal court.[2]

## IV. CONCLUSION

There being no valid reason to reconsider the Court's May 3, 2023 order of dismissal, Sparks' motion for reconsideration is denied. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 10, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT COURT**
**CHIEF JUDGE**

---

[2] The result would be the same if the Court considered Sparks' motion under Rule 60(b), which allows a party to seek relief from a final judgment, and request reopening of the case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. Fed. R. Civ. P. 60(b). Here, Sparks has not alleged that the Court's decision involved fraud, nor does he rely on the discovery of new evidence. And to the extent he argues that the Court's judgment was reached in mistake, for all the reasons already stated, there was no error in the Court's order of dismissal.